IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,552






EX PARTE TERRANCE RAY SHUN CEPHUS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0613530A IN THE 297TH DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.

 

O P I N I O N O N R E H E A R I N G



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
possession with the intent to deliver a controlled substance and sentenced to life imprisonment on
each count. The Second Court of Appeals affirmed his convictions. Cephus v. State, No. 02-01-00251-CR (Tex. App.-Fort Worth Aug. 22, 2002, pet. ref'd). 

 Applicant contends that trial counsel rendered ineffective assistance because he failed to
request that a deadly weapon special issue be submitted to the jury at the guilt stage of his trial. On
original submission, we granted Applicant a new punishment hearing. Ex parte Cephus, No. AP-76,552 (Tex. Crim. App. May 11, 2011) (unpublished). The State subsequently filed a motion for
rehearing and clarification of the law. We granted its motion and now withdraw our opinion on
original submission. We hold, consistent with our original opinion, that Applicant is entitled to a
new punishment hearing. We also hold that at this hearing the trial court shall instruct the jury to
return life sentences and make its own determination as to whether Applicant used or exhibited a
deadly weapon. The sentences in cause number 0613530A in the 297th District Court of Tarrant
County are set aside, and Applicant is remanded to the custody of the Sheriff of Tarrant County for
a new punishment hearing. The trial court shall issue any necessary bench warrant within 10 days
after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.



Delivered: November 2, 2011

Do Not Publish